UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>CORY JAMES SMITH,<br><br>　　　　　　　　Defendant. | Case No. 2:22-cr-00175-BLW-2<br><br>**REPORT AND RECOMMENDATION** |

　　　　On November 1, 2022, Defendant Cory James Smith appeared before the undersigned United States Magistrate Judge to enter a change of plea pursuant to a written plea agreement. The Defendant executed a waiver of the right to have the presiding United States District Judge take his change of plea. Thereafter, the Court explained to the Defendant the nature of the charges contained in the Indictment (Dkt. 1), the maximum penalties applicable, his Constitutional rights, the impact that the Sentencing Guidelines will have, and that the District Judge will not be bound by the agreement of the parties as to the penalty to be imposed.

　　　　The Court, having conducted the change of plea hearing and having inquired of the Defendant, counsel, and the government, finds there is a factual basis for the Defendant's guilty plea, that he entered it voluntarily and with full knowledge of the consequences, and that the plea should be accepted. The undersigned also ordered a pre-sentence investigation to be conducted and a report prepared by the United States

**REPORT AND RECOMMENDATION - 1**

Probation Office.

Because the offense to which Defendant entered his guilty plea is an offense in a case described in subparagraph (C) of subsection (f)(1) of Section 3142 in Title 18 of the United States Code, subjecting Defendant to detention upon a finding of guilt under Section 3143(a)(2), the undersigned considered whether, under Section 3145(c), exceptional reasons were clearly shown as to why Defendant's detention pending imposition of sentencing would not be appropriate.

In this case, Defendant requested that his release be continued. The Government opposed Defendant's request for continued release based upon Defendant's noncompliance with his conditions of release. Two release status reports were filed in this case: the first on September 12, 2022, and the second on October 31, 2022. Both reports indicated that Defendant had not met the conditions of release due to his continued drug use, and the second report indicated that Defendant had recently been cited for operating a motor vehicle without insurance. Despite participating in outpatient substance abuse treatment, the reports reflected that Defendant had failed to attend random drug testing and was referred to an online treatment agency after he broke his leg. Based upon Defendant's repeated noncompliance, the United States Pretrial Services Officer recommended that Defendant's pretrial release be revoked.

For the reasons stated on the record, the Court concluded exceptional reasons had not been shown. Accordingly, upon the District Judge's acceptance of Defendant's guilty plea, as recommended herein, Defendant shall surrender for detention pending sentencing

to the custody of the U.S. Marshal at the United States Courthouse in Coeur d'Alene, no later than **10:00 AM on Thursday, November 17, 2022**. Defendant and his counsel were advised of the right to seek review of this recommendation.

Until such date that Defendant surrenders, Defendant shall remain subject to all previously imposed conditions of release.

## RECOMMENDATION

**NOW THEREFORE IT IS HEREBY RECOMMENDED:**

1) The District Court accept Defendant Cory James Smith's plea of guilty to Count Three of the Indictment (Dkt. 1).

2) The District Court order forfeiture consistent with Defendant Cory James Smith's admission to the Criminal Forfeiture allegation in the Indictment (Dkt. 1) and the Plea Agreement.

3) The District Court **GRANT**, at the appropriate time, the United States' motion to dismiss Counts One and Two of the Indictment (Dkt. 1) as to Defendant.

4) The District Court order that Defendant be detained pending sentencing under 18 U.S.C. § 3143(a).

Written objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(b), or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.

DATED: November 1, 2022

                                          DEBORA K. GRASHAM
                                          U.S. MAGISTRATE JUDGE